

**U.S. Department of Justice**

United States Attorney
District of New Jersey

970 Broad Street, Suite 700   *main telephone:* (973) 645-2700
Newark, New Jersey 07102

Samuel J. Louis, Esq.                      December 12, 2019
Clark Hill Strasburger PLC
909 Fannin Street, Suite 2300
Houston, TX 77002-2531

Re:   Plea Agreement with Sherman Kennerson

Dear Mr. Louis:

This letter sets forth the plea agreement between your client, Sherman Kennerson, and the United States Attorney for the District of New Jersey ("this Office"). The government's offer to enter into this plea agreement will expire on December 20, 2019, if it is not accepted in writing by that date.

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from Sherman Kennerson to an Information which charges him with conspiracy to offer and pay illegal remuneration, namely kickbacks and bribes, in return for orders for genetic testing for which payment was made in whole or in part under a federal health care program, contrary to 42 U.S.C. § 1320a-7b(b)(2)(A), in violation of 18 U.S.C. § 371. If Sherman Kennerson enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Sherman Kennerson for, during the time period of in or about January 2018 through in or about May 2019, participating in a conspiracy to offer and pay kickbacks to marketing groups to steer orders for genetic tests to Metric Lab Services, LLC and Spectrum Diagnostic Labs, LLC. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Sherman Kennerson agrees that any dismissed charges or any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Sherman Kennerson may be commenced

against him, notwithstanding the expiration of the limitations period after Sherman Kennerson signs the agreement.

Sentencing

The violation of 18 U.S.C. § 371 to which Sherman Kennerson agrees to plead guilty carries a statutory maximum prison sentence of five years and a statutory maximum fine equal to the greatest of: (1) $250,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Sherman Kennerson is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Sherman Kennerson ultimately will receive.

Further, in addition to imposing any other penalty on Sherman Kennerson, the sentencing judge: (1) will order Sherman Kennerson to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Sherman Kennerson to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order Sherman Kennerson, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; (4) must order forfeiture, pursuant to 18 U.S.C. § 982(a)(7); and (5) pursuant to 18 U.S.C. § 3583, may require Sherman Kennerson to serve a term of supervised release of not more than three years, which will begin at the expiration of any term of imprisonment imposed. Should Sherman Kennerson be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Sherman Kennerson may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Sherman Kennerson by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Sherman Kennerson's activities and relevant conduct with respect to this case.

Stipulations

This Office and Sherman Kennerson agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Sherman Kennerson from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Sherman Kennerson waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture

As part of his acceptance of responsibility, Sherman Kennerson agrees to forfeit to the United States all of his right, title, and interest in all property he obtained that constitutes or is derived, directly or indirectly, from proceeds traceable to the conspiracy to pay illegal remunerations contrary to the federal health care program anti-kickback statute, 42 U.S.C. § 1320a-7b(b)(2)(A), in violation of 18 U.S.C. § 371, as charged in the Information. Sherman Kennerson further agrees that the value of such property was $517,751; that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is therefore entitled to forfeit substitute assets equal to the value of the gross proceeds obtained by Sherman Kennerson, in an amount not to exceed $517,751 (the "Money Judgment"). Sherman Kennerson consents to the entry of an Order requiring him to pay the Money Judgement and agrees that such Order will be final as to him prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating the defendant's name and case number on the face of the check; and shall be delivered to the United States Attorney's Office, District of New Jersey, Attn: Asset Recovery and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102. Sherman Kennerson further agrees that upon entry of the Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

Sherman Kennerson waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Sherman Kennerson understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. Sherman Kennerson waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth

Amendment. It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

Sherman Kennerson further agrees that on or before the date he enters his plea of guilty he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Sherman Kennerson fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if this Office determines that Sherman Kennerson has intentionally failed to disclose assets on his Financial Disclosure Statement, Sherman Kennerson agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Immigration Consequences

Sherman Kennerson understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Sherman Kennerson understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Sherman Kennerson wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Sherman Kennerson understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Sherman Kennerson waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

5

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Sherman Kennerson. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and the Department of Health and Human Services), or any third party from initiating or prosecuting any civil or administrative proceeding against Sherman Kennerson.

No provision of this agreement shall preclude Sherman Kennerson from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Sherman Kennerson received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between Sherman Kennerson and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CRAIG CARPENITO
United States Attorney

By: Bernard J. Cooney
Assistant U.S. Attorney

APPROVED:

Lee M. Cortes, Jr.
Chief, Health Care & Government Fraud Unit

6

I have received this letter from my attorney, Samuel J. Louis, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, restitution, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          Date: 12/18/19
Sherman Kennerson

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, restitution, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____          Date: 12/19/19
Samuel J. Louis, Esq.

7

## **Plea Agreement with Sherman Kennerson**

### **Schedule A**

1. This Office and Sherman Kennerson recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Sherman Kennerson nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Sherman Kennerson within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Sherman Kennerson further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2018, applies in this case.

3. The applicable guideline for this offense is U.S.S.G. § 2X1.1, which provides that the base offense level for any conspiracy is the base offense level from the guideline for the substantive offense, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty. Because the substantive offense is a conspiracy to pay kickbacks, the applicable guideline is U.S.S.G. § 2B4.1.

4. Under U.S.S.G. § 2B4.1, the base offense level is 8. U.S.S.G. § 2B4.1(a).

5. Because this offense involved an improper benefit conferred totaling approximately $517,751, the Specific Offense Characteristic results in an increase of 12 levels. U.S.S.G. §§ 2B4.1(b)(1)(B) and 2B1.1(b)(1)(G).

6. Because Sherman Kennerson was an organizer, leader, manager, or supervisor in the criminal activity, the Specific Offense Characteristic results in an increase of 2 levels. U.S.S.G. § 3B1.1(c).

7. As of the date of this letter, Sherman Kennerson has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Sherman Kennerson's acceptance of responsibility continues through the date of sentencing. U.S.S.G. § 3E1.1(a).

8. As of the date of this letter, Sherman Kennerson has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently.  At sentencing, this Office will move for a further 1-point reduction in Sherman Kennerson's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met:  (a) Sherman Kennerson enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Sherman Kennerson's acceptance of responsibility has continued through the date of sentencing and Sherman Kennerson therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Sherman Kennerson's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

9. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Sherman Kennerson is 19 (the "agreed total Guidelines offense level").

10. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

11. Sherman Kennerson knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 19.  This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 19.  The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category.  The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.  Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

12. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph

9

and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.